

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| JAMES W. WENTWORTH and ROSALIE A. WENTWORTH,<br>　　　　Plaintiffs,<br><br>vs.<br><br>NATIONAL CITY MORTGAGE COMPANY,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL ACTION NO. 8:04-1750-HFF |

MEMORANDUM OPINION AND ORDER
REMANDING CASE *SUA SPONTE*

### I.     INTRODUCTION

This is a civil conspiracy action. Defendant asserts that this Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1331, 1332. Having carefully considered the notice of removal, the complaint, and the applicable law, it is the judgment of this Court that this action shall be remanded to the Anderson County Court of Common Pleas for adjudication.

### II.     PROCEDURAL HISTORY

Plaintiff filed the instant action on April 6, 2004, with the Anderson County Court of Common Pleas and served Defendant on or about May 3, 2004. Defendant filed its notice of removal with this Court on June 2, 2004. Plaintiffs have not filed a motion to remand.

**III.    STANDARD OF REVIEW**

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). As such, subject-matter jurisdiction cannot be conferred by the parties, nor can a defect in subject-matter jurisdiction be waived by the parties. *United States v. Cotton*, 535 U.S. 625, 630 (2002). Accordingly, it follows that a question of subject-matter jurisdiction may be raised at any point during the proceedings and may even be raised by the Court *sua sponte*. 28 U.S.C. § 1447(c).

A federal court's jurisdiction under the removal statutes amounts to an infringement upon state sovereignty. *Shamrock Oil Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). "Consequently, the statutory provisions regulating removal must be strictly applied. A federal court should not extend its jurisdiction beyond the boundaries drawn by those provisions." *Mason v. IBM*, 543 F.Supp. 444, 445 (M.D.N.C. 1982).

To insure that federal courts do not overstep constitutional bounds and delve into matters that are purely state law, federal precedent "scrupulously confine[s]" removal jurisdiction. *Shamrock Oil,* 313 U.S. at 109. In fact, the Fourth Circuit maintains that "remand is necessary" where any doubt exists for removal jurisdiction. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Hence, removal is warranted only when absolutely necessary under federal law.

Pursuant to 28 U.S.C. § 1331, federal courts have jurisdiction over all matters arising under the Constitution, laws, or treaties of the United States. A claim arises under federal law if "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's

2

right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Under 28 U.S.C. § 1332, federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000"and complete diversity exists between the parties.

**IV.     DISCUSSION**

*A.     Federal question jurisdiction*

Defendant avers that "[t]his case 'arises under' federal law because resolution of Plaintiffs' claims turns on a substantial question of federal law: whether [Defendant] violated the Truth in Lending Act ("TILA") and regulations promulgated thereunder."  (Notice of Removal ¶ 5.)  The Court is unpersuaded.

"The mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction."  *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 813 (1986).  Indeed, as the *Merrell Dow* court noted, "[f]ar from creating some kind of automatic test, *Franshise* candidly recognized the need for careful judgments about the exercise of federal judicial power in an area of uncertain jurisdiction." *Id.* at 814.  "The determination of whether a federal issue is sufficiently substantial [to warrant federal jurisdiction] should be informed by a sensitive judgment about whether the existence of federal judicial power is both appropriate and pragmatic." *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996) (*citing Merrell Dow* 478 U.S. at 813-14, *Custer v. Sweeney*, 89 F.3d 1156, 1168 (4th Cir.1996)).

3

Plaintiff's S.C. Code Ann. § 37-3-301 claim, which incorporates the TILA, concerns Defendants' alleged failure to provide certain documents, as required by the TILA. "[T]he presence of a claimed violation of [the TILA] as an element of a state cause of action[, however] is insufficiently 'substantial' to confer federal question jurisdiction." *Merrell Dow*, 478 U.S. at 814. Moreover, the Court is unconvinced that the exercise of federal question jurisdiction in this action would be "consistent with congressional judgment about the sound division of labor between state and federal courts." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 125 S.Ct. 2363, 2367 (2005). For the Court to adopt Defendant's reasoning would mean that the state legislature, by adopting S.C. Code Ann. § 37-3-301, has the ability, on its own, to create another cause of action for the federal courts to adjudicate. This is simply not the law. These findings, coupled with the well-settled law of this circuit that remand is appropriate when jurisdiction is suspect, lead the Court to the inescapable conclusion that the exercise of federal question jurisdiction in this matter is neither appropriate nor pragmatic. Accordingly, the Court finds that Defendant's removal on the basis of federal question jurisdiction was improper.

  *B.*  *Diversity jurisdiction*

Defendant next maintains that the Court has diversity jurisdiction over this matter. Since Defendant has failed to establish that the jurisdictional amount has been satisfied, however, the Court is unconvinced.

"Despite the applicability of the general rules governing diversity of citizenship jurisdiction to cases removed to federal court, removal jurisdiction over diversity action is more limited than jurisdiction over diversity of citizenship cases originally brought in federal court." 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3723 (3d ed.

1998). "Special difficulties arise when the amount in controversy is not apparent from the plaintiff's state court complaint. . . . Some courts have looked to the defendant's notice of removal . . . others have made an independent appraisal of the monetary value of the plaintiff's claim . . . , and other courts simply have remanded the action to the state court from which it was removed." *Id* at § 3725.

For the Court to make an independent appraisal of the monetary value of Plaintiff's claims appears to this Court to be an incorrect application of the law. To engage in such an undertaking would not only eviscerate the removing party's burden of establishing the existence of the jurisdictional amount in controversy, *Mulcahey*, 29 F.3d at 151 ("The burden of establishing federal jurisdiction is placed upon the party seeking removal."), but it is also an inefficient use of scarce judicial resources. For the Court to remand the case to the state court without some inquiry, however, is an equally unsatisfactory approach. Therefore, in the opinion of this Court, the most judicious route is for the Court to review Defendant's Notice of Removal for evidence that Defendant has demonstrated that the Court has diversity jurisdiction over the matter.

Although the Fourth Circuit has not adopted a specific standard of proof for the Court to employ when determining whether the amount in controversy exceeds $75,000, *Rota v. Consolidation Coal Co.*, 175 F.3d 1016, 1999 WL 183873, *1 n. 4 (4th Cir. 1999) (Table) (noting that the proper standard for assessing the value of an unspecified damage claim is subject to debate and declining to adopt a position), this Court's jurisdiction cannot rest upon the metaphysical possibility that the jurisdictional amount may or may not be met now or at some point in the future. "[T]he party who seeks the exercise of jurisdiction in his favor. . . . must allege . . . the facts essential to show jurisdiction. If he fails to make the necessary allegations he has no standing." *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Thus, it follows that "if the

jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, [this Court] lack[s] diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

In the instant case, the amount in controversy is not apparent from the face of the complaint. Nevertheless, in Defendant's Notice of Removal, Defendant states that "The value of the matter in dispute exceeds the sum of $75,000.00."

Simply stated, this statement, without more, is inadequate to establish that the amount in controversy exceeds the jurisdictional amount.    Therefore, since the removing party has neglected to present a sufficient factual basis for the Court to make an informed decision as to whether Plaintiff can or cannot recover damages in excess of $75,000 in this case, it has failed to bear the burden of establishing that the Court has diversity jurisdiction over the matter for purposes of removal. Accordingly, the Court finds that Defendant's removal on the basis of diversity jurisdiction is also improper.

**V.     CONCLUSION**

In light of the foregoing discussion and analysis, it is the judgment of this Court that Defendant has failed to establish that removal was appropriate on the basis of either federal question or diversity jurisdiction.  Accordingly, this action is hereby **REMANDED** to the Anderson County Court of Common Pleas for want of subject matter jurisdiction.  28 U.S.C. § 1447(c).

      **IT IS SO ORDERED.**

Signed this 27th day of September, 2005, in Spartanburg, South Carolina.

                                                        /s/ Henry F. Floyd
                                                        HENRY F. FLOYD
                                                        UNITED STATES DISTRICT JUDGE